**STATE of Missouri, Respondent,**

v.

**Randy WHITE, Appellant.**

**No. WD 38327.**

Missouri Court of Appeals,
Western District.

March 3, 1987.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
March 31, 1987.

Application to Transfer Denied
May 19, 1987.

Sean D. O'Brien, Public Defender, Kent Gipson, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, C.J., and TURNAGE and NUGENT, JJ.

NUGENT, Judge.

Defendant Randy White appeals his conviction entered on his pleas of guilty to robbery and armed criminal action charges. He challenges the circuit court's jurisdiction of the case after the passage of one hundred eighty days from the time of his request for disposition of a detainer lodged against him at the prison where he was then an inmate. We affirm the judgment.

Defendant White was a prisoner at the Missouri Training Center for Men at Moberly on October 1, 1985, when Jackson County lodged its detainer against him. The record reveals that on October 4, 1985, Mr. White executed a form requesting disposition of the instant charges against him. That request was delivered to the Jackson County circuit court administrator on October 10 and to the court and the prosecuting attorney on October 16, 1985.

Trial commenced on April 1, 1986, but on April 2 the court declared a mistrial on defendant's motion. April 1, 1986, was the one hundred seventy-ninth day after October 4, 1985. The case was again docketed for trial on April 7, one hundred eighty five days after October 4 and one hundred seventy-three days after October 16, 1985. On April 7 defendant filed a motion to dismiss the instant information with prejudice on the ground that "the state has failed to bring defendant to trial within 180 days [as] required by Article 3, section 1 of section 222.160, R.S.Mo. (1982)." The court denied the motion.

After a recess, defendant entered pleas of guilty to the two counts now under consideration, and the court sentenced defendant to imprisonment in accordance with his plea bargain. Defendant now appeals on the ground that the court had no jurisdiction of the case after the grant of the mistrial.

Defendant's contentions may be thus summarized: The trial court lacked jurisdiction to try defendant or to accept his

plea of guilty on April 7, 1986, because the one hundred eighty day statutory period within which he had to be brought to trial had expired. That period, he argues, commenced when he "delivered" to the prosecutor and the court a proper written request for a final disposition of the information pending against him. He goes on to argue that he executed his request on October 4, 1985, that April 7, 1986, is more than one hundred eighty days after October 4, that the state did not sustain its burden to show good cause to delay his trial beyond the one hundred eighty day period, and that the statutory phrase "brought to trial" suggests that, not only should the trial begin within the one hundred eighty days, it should end within that time limit. He believes "that the aborted trial did not constitute being 'brought to trial' within the meaning of the statute", that is, § 217.-460.[1]

Throughout his argument defendant confuses the Agreement on Detainers and the Uniform Mandatory Disposition of Detainers Law (UMDDL). The Agreement on Detainers (§ 217.490) was most recently adopted by the Missouri General Assembly in H.B. 1196 in 1982. It applies to criminal charges pending in one state against a prisoner serving a term of imprisonment in another state. *State ex rel. Kemp v. Hodge,* 629 S.W.2d 353, 355 (Mo.1982) (en banc). The Agreement in its pertinent clause (Article III, par. 1) provides that the one hundred eighty day period begins to run when the defendant "shall have caused [his request] to be delivered" to the prosecutor and the court.

 The UMDDL, on the other hand, applies only to persons confined in a state correctional institution against whom charges are pending in this state. § 217.-450. In this case defendant White falls into that class. The relevant parts of the UMDDL are now found in §§ 217.450, 217.-455 and 217.460, which read in part as follows:

1. All sectional references unless otherwise indicated are to Revised Statutes of Missouir, as

§ 217.450—

1. Any person confined in a state correctional institution may request a final disposition of any untried indictment, information or complaint pending in this state against him while so imprisoned. The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment.

§ 217.455—

The request shall be delivered to the division director, who shall forthwith:

(1) Certify the term of commitment under which the inmate is being held, the time already served, the time remaining to be served on the sentence, the time of parole eligibility of the inmate, and any decisions of the state board of probation and parole relating to the inmate; and

(2) Send by registered or certified mail, return receipt requested, one copy of the request and certificate to the court and one copy to the prosecuting attorney to whom it is addressed.

§ 217.460—

Within one hundred eighty days after the receipt of the request and certificate by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the inmate or his counsel being present, the indictment, information or complaint shall be brought to trial. The parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. If the indictment, information or complaint is not brought to trial within the period, no court of this state shall have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

amended.

■ Under § 217.460 the one hundred eighty day period began to run on October 16, 1985, when both the Jackson County prosecutor and the court received defendant White's request and the director's certificate. *Cf. State v. Smith,* 686 S.W.2d 543, 546 (Mo.App.1985); *State v. Barnard,* 678 S.W.2d 448, 450 (Mo.App.1984). One hundred sixty-seven days later defendant's trial commenced on April 1. Under the provisions of § 217.460 that was a timely beginning, and the circuit had full jurisdiction to try the case. Defendant entered his plea of guilty on April 7, the one hundred seventy-third day, still a time within which the court had jurisdiction.

Nevertheless, defendant complains that, since the trial was aborted by the declaration of a mistrial, he was not "brought to trial" within one hundred eighty days within the meaning of § 217.460. Therefore, defendant asserts, the court lost jurisdiction of the case and under that section could do no more than dismiss it with prejudice. In making that argument, however, defendant insists on clinging to the notion that we have just dispelled, that is, that the one hundred eighty days started on October 4, the day he executed his request, rather than October 16, the day the request was received.

■ Whether the period began on October 4 or October 16, 1985, defendant's position is untenable because in either event his trial began within one hundred eighty days, and that is all the statute requires. The fact that the court declared a mistrial and reset the case for trial on April 7 has no bearinq on the question of the timeliness of the commencement of the trial. Every trial is subject to a declaration of mistrial as one of its frequent and sometimes necessary incidents. Moreover, under the UMDDL the prosecution is not locked into commencing trial or completing trial within one hundred eighty days regardless of what the situation may be. If a valid reason exists for continuing a trial to a date beyond the one hundred eighty day limit, § 217.460 provides that the court may for good cause shown grant additional reasonable and necessary time to bring the case to trial.

*State ex rel. Kemp v. Hodge, supra,* 629 S.W.2d at 360–61. *Cf. State v. Smith, supra,* 686 S.W.2d at 547, and *State ex rel. Taylor v. McFarland,* 675 S.W.2d 868, 871 (Mo.App.1984). Even if defendant were correct and the time began to run on October 4, 1985, in the circumstances of this case the declaration of a mistrial on the defendant's motion and the resetting of a trial date five days later was for good cause within the meaning of § 217.460, and the trial did not lose its jurisdiction over the case by reason of the mistrial or the passage of time.

Accordingly, we affirm the judgment.

All concur.