989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Robert H. FOSTER, Appellant,
v.
James PURKETT; George Lombardi; Phyllis Fick; Rick Jones, Appellees.
 No. 92-3165.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 25, 1993.
Filed: March 8, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert H. Foster, a Missouri inmate, appeals from the district court's[1] grant of summary judgment in favor of defendant prison officials in this 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Foster brought this action against James Purkett, then-current Superintendent of Farmington Correctional Center (FCC), George Lombardi, Division Director of the Missouri Department of Corrections in Jefferson City, Phyllis Fick, Records Officer at FCC, and Rick Jones, Unit Manager of FCC housing unit # 5 (FCC administrative segregation). Foster alleged that defendants placed him in administrative segregation without cause and without a hearing, and kept him there until January 27, 1989; and that defendants failed to promptly inform him about the December 29, 1988, indictment pending against him in St. Louis County, in violation of Mo. Rev. Stat. § 217.450 (1986), and the Interstate Agreement on Detainers Act, 18 U.S.C. app. § 2(IAD); Mo. Rev. Stat. § 217.490 (1986). Foster claimed that defendants conspired to deprive him and did deprive him of his rights to due process, equal protection, speedy trial, and access to the courts and counsel, and inflicted upon him cruel and unusual punishment.
 
 
 3
 Defendants moved for summary judgment and supported their motion with records and affidavits. Foster failed to provide controverting evidence. The district court adopted the magistrate judge's report over Foster's objections and granted the motion. Foster appealed.
 
 
 4
 We review a grant of summary judgment de novo and examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). We agree with the district court that Foster does not have an independent due process-based liberty interest in freedom from administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Foster failed to allege and establish that he has a state-law-based liberty interest in freedom from administrative segregation. See id. at 469-72. In any event, the classification hearing conducted upon his arrival at FCC provided Foster with all the process he was due with respect to his nonpunitive assignment to administrative segregation pending availability of bed space in protective custody, which Foster had specifically requested. See id. at 472; Tyler v. Black, 811 F.2d 424, 428 (8th Cir. 1987), cert. denied, 490 U.S. 1027 (1989).
 
 
 5
 We conclude defendants provided Foster with "prompt" written notice of his untried detainer as required by the Due Process Clause. Cf. Brown v. Frey, 889 F.2d 159, 166 (8th Cir. 1989) (citing Hewitt, 459 U.S. at 472), cert. denied, 493 U.S. 1088 (1990). FCC received the warrant on January 6, 1989, and notified Foster of the detainer on February 7, 1989; Foster then filed his motion for a speedy trial on February 17, 1989, and went to trial 179 days later. Thus, the State did not violate Foster's right to a speedy trial because the 180-day period began to run when Foster requested a speedy trial. See Kemp v. Hodge, 629 S.W.2d 353, 356 (Mo. banc. 1982). The IAD and section 217.490 did not apply to Foster's situation.
 
 
 6
 The district court properly rejected Foster's claims regarding denial of access to the courts, cruel and unusual punishment, and conspiracy. Foster did not allege any facts or offer any evidence to substantiate these claims. We also conclude the district court properly entered summary judgment in favor of Jones, Purkett, and Lombardi. Foster did not allege that Purkett and Lombardi were personally involved in or had direct responsibility for the incidents in question which injured him, nor did Foster submit any evidence rebutting Jones' attestation that he did not receive any oral or written request to dispose of any untried detainers.
 
 
 7
 Accordingly, we affirm. We deny Foster's belated motion for appointment of counsel.
 
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri