**STATE of Missouri, Respondent,**

v.

**Carl MOREHOUSE, Appellant.**

**No. WD 46051.**

Missouri Court of Appeals, Western District.

April 6, 1993.

Brad B. Baker, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and TURNAGE and SPINDEN, JJ.

PER CURIAM.

Carl E. Morehouse appeals from a jury conviction of failure to return to house arrest, § 217.542, RSMo.Cum.Supp.1992, a class D felony. He received a sentence for ten years as a prior and persistent offender. He contends that the trial court lacked jurisdiction to convict and sentence him because he had not been brought to trial within the 180–day time limit imposed by the Uniform Mandatory Disposition of Detainers Law § 217.450 to § 217.515, RSMo. Cum.Supp.1992.

The judgment is affirmed.

Morehouse was living at his mother's house under the supervision of the Missouri Department of Probation and Parole. He was, pursuant to agreement, under order for a house arrest and was to be at the home except between the hours of 8:00 a.m. and 12:00 p.m. Monday through Friday, when he was allowed to be out job hunting. A parole officer found Morehouse absent from the residence without

authorization, and the police arrested Morehouse for failing to return to house arrest.

Pursuant to § 217.450, on July 24, 1991, Morehouse filed a written request for a final disposition of the information pending against him. On August 13, 1991, Morehouse was arraigned on the charge and a preliminary hearing was scheduled for September 13, 1991. The trial court's docket sheet reflects that on September 9, 1991, the upcoming preliminary hearing was continued "by agreement" to October 16, 1991.

On October 28, 1991, the cause was set for trial on February 14, 1992. Prior to the trial, Morehouse filed a *pro se* motion seeking a dismissal on the grounds that the trial date was more than 180 days after his request for a final disposition of the pending information, in violation of § 217.460. Following a pre-trial hearing on the matter, Morehouse's motion was overruled by the trial court.

 In his sole point on appeal, Morehouse argues that § 217.460 required that he be brought to trial by January 20, 1992, and that his trial date of February 14, 1992, was 25 days after the statutory deadline. Therefore, he claims the trial court erred when it denied his motion to dismiss the pending information. The 180-day limitation of § 217.460 is not absolute, and the limitation period has been extended under a variety of circumstances and for a variety of reasons. Most extensions of the limitations period have been founded on an express or implied waiver by the defendant. *Murphy v. State*, 777 S.W.2d 636, 638 (Mo. App.1989). Any delay of a prisoner's trial which results from his affirmative action or agreement is not to be included in the period of limitation. *State v. Foster*, 838 S.W.2d 60, 69 (Mo.App.1992). An "affirmative action or agreement" by Morehouse took place on September 9, 1991, when the case was continued "by agreement" until October 16, 1991. Consequently, the thirty-seven day span of that continuance must be excluded in the 180-day period of limitation. *State v. Foster*, 838 S.W.2d at 69.

Morehouse alternately argues that the continuance from September 9, 1991 to October 16, 1991, occurred *before* the formal setting of the trial date. Therefore, the continuance did not actually delay the scheduling of the trial; consequently, that continuance should not be included in the 180-day period.

Even though the continuance occurred before the trial date was set, it still occurred during the 180-day period of limitation triggered by Morehouse's request for final disposition of the pending information. The continuance delayed the overall course of events leading to Morehouse's trial.

With the exclusion of the thirty-seven day continuance, the trial commenced within the statutory deadline. The trial court did not lose jurisdiction to convict and sentence Morehouse. Accordingly, the judgment of the trial court is affirmed.