**2.** Defendant was charged in Count II with assault in the second degree, § 565.060. He was

---

**STATE of Missouri, Plaintiff–Respondent,**

v.

**Kelly Don COONS, Defendant–Appellant.**

**No. 18675.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 2, 1994.

---

Raymond L. Legg, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Kelly Don Coons (defendant) appeals his conviction for attempted robbery in the second degree, §§ 564.011 and 569.030,[1] (Count I) and assault in the third degree, § 565.070 (Count II).[2] He was charged by information filed in the Circuit Court of Vernon County,

found guilty of the lesser included offense of assault in the third degree, § 565.070. He was found not guilty of armed criminal action, § 571.015 (Count III).

Missouri, on September 30, 1991. Following a change of venue, he was tried in the Circuit Court of Cedar County on January 28, 1993. Defendant contends he did not receive a speedy trial as required by § 217.460, RSMo Supp.1992. This court affirms.

Defendant does not challenge the sufficiency of the evidence adduced at trial. His only complaint on appeal is that the trial court erred in not dismissing his criminal charges because the time between his request for a speedy trial and the date he was tried was more than 180 days. Since it is not necessary to recite evidence of defendant's criminal acts to dispose of this appeal, only facts applicable to the time between defendant's request for speedy trial and his trial date will be addressed.

On October 23, 1991, defendant filed a pro se motion denominated, "Motion for Speedy Trial and Final Disposition of Detainers." An Amended Motion to Dismiss on Speedy Trial Grounds was filed January 25, 1993. The amended motion requested that the trial court dismiss the information "with prejudice." It alleged that defendant had been incarcerated since October 10, 1991, "at the Algoa Correctional Institute." It recited that defendant had served a request for speedy trial on the prosecuting attorney on October 23, 1991, and that the state had "failed to bring defendant to trial within 180 days." The motion was denied.

Defendant contends the trial court erred in not granting his motion for a speedy trial "because dismissal was required under ... Sections 217.450 through 217.485." Section 217.450.1, RSMo Supp.1992, provides that a person confined in a correctional facility "may request a final disposition of any untried indictment, information or complaint pending ... against him." It requires the request to be in writing, directed to the court where the charge is pending and to the prosecuting attorney whose duty it is to prosecute the case.

Section 217.455, RSMo Supp.1992, requires the request to be delivered to the director of adult institutions. The director is required to "[c]ertify the term of commitment under which the offender is being held, the time already served, the time remaining to be served on the sentence, the time of parole eligibility of the offender, and any decisions of the state board of probation and parole relating to the offender." He is required to send the copies of the request for speedy trial to the appropriate court and prosecuting official.

Section 217.460, RSMo Supp.1992, states:

Within one hundred eighty days after the receipt of the request and certificate, pursuant to sections 217.450 and 217.455, by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, the indictment, information or complaint shall be brought to trial.... If the indictment, information or complaint is not brought to trial within the period, no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

Defendant's case was originally set for trial November 13, 1991. On October 29, 1991, following a request by defendant for change of judge and change of venue, trial was rescheduled in the county where the case had been transferred. The new trial date was March 19, 1992. Defendant filed a motion for continuance on March 12, 1992. The motion was granted and the case continued to June 9, 1992, for trial. On June 5, 1992, defendant filed a second motion for continuance. It was granted. The case was reset for trial on September 25, 1992.

On August 14, 1992, defendant filed a request for mental evaluation. The trial court granted the request three days later. No report of defendant's mental evaluation had been received on September 25. On that date, the trial court reset defendant's trial for November 19, 1992.

On November 17, 1992, the trial court made the following docket entry, "After talking to both attorneys, court determines that defendant's psychiatric evaluation has not been received by counsel. Court strikes trial

date and resets case for jury trial on December 18, 1992 at 9:00 a.m."

The psychiatric report was filed December 7, 1992; however, defendant filed a pro se motion for reappointment of counsel on December 11, 1992. The motion was heard December 18, 1992, and denied. The case was reset for trial on January 28, 1993.

"The 180–day limitation of § 217.460 is not absolute." *State v. Morehouse,* 851 S.W.2d 714, 715 (Mo.App.1993). "Any delay of a prisoner's trial which results from his affirmative action or agreement is not to be included in the period of limitation." *Id.*

Defendant's first motion for continuance was filed March 12, 1992. Based on that request, defendant's trial date was rescheduled to June 9, a delay of 89 days. On June 5, he filed a second motion for continuance. It was granted. The new trial date was September 25, 1992. This resulted in a delay of an additional 108 days, from June 9 until September 25.

On August 17, 1992, defendant's request for mental evaluation was granted. When the report of that evaluation had not been received on September 15, 1992, the trial court was forced to again reschedule the trial date. The new date that was set was December 18, 1992. This resulted in an additional delay of 84 days.

When defendant filed a request for reappointment of counsel, the trial court scheduled a hearing on the motion. The motion was filed December 11, 1992. The trial court held a hearing on the motion on December 18, the date previously scheduled for trial of the case. The trial court found no basis to appoint other counsel for defendant and denied the motion. Due to the uncertainty of whether defendant's original counsel would be representing defendant until the motion was determined, the December 18 trial date was lost. Trial was rescheduled for January 28, 1993. That delay was occasioned by defendant's affirmative act of seeking reappointment of counsel. As such it is attributable to him. *State v. Foster,* 838 S.W.2d 60, 69 (Mo.App.1992). It resulted in an additional delay of 40 days—from December 18, 1992 until January 28, 1993.

Four hundred sixty-two days elapsed between October 23, 1991, the date defendant filed his request for speedy trial, and January 28, 1993, the date of trial. Of the 462 days, at least 321 days were the result of defendant's affirmative acts. No more than 141 days of the delay were attributable to the state. The judgment of conviction is affirmed.

PREWITT and CROW, JJ., concur.