**STATE of Missouri ex rel. David B. GARRETT, Relator,**

v.

**Honorable David C. DALLY, Respondent.**

No. 27023.

Missouri Court of Appeals, Southern District, Division One.

Feb. 28, 2006.

Rehearing Denied March 22, 2006.

Application for Transfer Denied May 2, 2006.

Larry Maples, Office of the State Public Defender, Carthage, MO, for relator.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Assistant Attorney General, Jefferson City, MO, for respondent.

GARY W. LYNCH, Judge.

Upon information filed by the State, Relator David B. Garrett (Defendant) was tried by jury and convicted on two counts of possession of a controlled substance with intent to deliver, in violation of § 195.211.[1] This court reversed both convictions and remanded the case for a new trial. *State v. Garrett*, 139 S.W.3d 577, 585 (Mo.App.2004). After remand, Defendant took all actions necessary to invoke the provisions of the Uniform Mandatory Disposition of Detainers Law (UMDDL), §§ 217.450 to 217.485. This law, if applicable, requires that any "untried" information must be "brought to trial" by the State within 180 days after its invocation.

Sections 217.450 and 217.460. More than 180 days after invoking the UMDDL, Defendant moved to dismiss the information with prejudice for exceeding this time period. Following Respondent's denial of this motion, Defendant filed this prohibition action, claiming that the UMDDL denied Respondent jurisdiction to take any action other than dismiss the information. This court issued its preliminary writ prohibiting Respondent from taking any action on the information pending further order of this court. The issues are whether the information is "untried," such that Defendant is entitled to be brought to trial within 180 days after his request, as required by the UMDDL, and, if so, whether the State exceeded that time period.

---

1. All references to statutes are to RSMo (2000) and all references to rules are to Missouri Court Rules (2005), unless otherwise indicated.

## 1) *Prohibition as a Remedy*

 "The power to issue a writ of prohibition is limited to correction or limitation of an inferior court or agency that is acting without, or in excess of, its jurisdiction." *State ex rel. AG Processing, Inc. v. Thompson,* 100 S.W.3d 915, 919 (Mo.App. 2003) (citing *State ex rel. Premier Mktg., Inc. v. Kramer,* 2 S.W.3d 118, 120 (Mo. App.1999). "A writ of prohibition does not issue as a matter of right, and whether a writ should be issued in a particular case is a question left to the sound discretion of the court to which the application is made." *Id.* "The discretionary authority of a court to issue a writ of prohibition is exercised when the facts and circumstances of a particular case demonstrate unequivocally that an extreme necessity for preventative action exists." *Id.* "A writ of prohibition is an extraordinary remedy and should be used with 'great caution, forbearance, and only in cases of extreme necessity.'" *Id.* (quoting *Mo. Dep't of Soc. Servs. v. Admin. Hearing Comm'n,* 826 S.W.2d 871, 873 (Mo.App.1992)).

 If the UMDDL is applicable under the facts of this case and if the State [2] has exceeded the applicable time limit therein, then § 217.460 directs that "no court of this state shall have jurisdiction of such ... information ..., nor shall the untried ... information ... be of any further force or effect; and the court shall issue an order dismissing the same with prejudice." "The provisions of the UMDDL are not drenched in doubt or ambiguity, and 'a loss of subject matter jurisdiction inexorably occurs by operation of law when an imprisoned person who has initiated a proper request is not brought to trial within the appropriately determined statutory time period.'" *Carson v. State,* 997 S.W.2d 92, 98 (Mo.App.1999) (quoting *Russell v. State,* 597 S.W.2d 694, 697 (Mo.App.1980)).

The Missouri Supreme Court has exercised the prohibition remedy, without comment as to its appropriateness, to enforce the mandatory dismissal sanction contained in § 217.460. *State ex rel. Kemp v. Hodge,* 629 S.W.2d 353, 361 (Mo. banc 1982). This court has done likewise. *State ex. rel. Clark v. Long,* 870 S.W.2d 932 (Mo.App.1994).

## 2) *Standard of Review*

"Jurisdictional issues present questions of law, which we review *de novo* and without deference to the circuit court's determination." *State ex rel. Nixon v. Moore,* 159 S.W.3d 488, 490 (Mo.App.2005).

## 3) *Factual and Procedural Background*

Defendant stands charged in Jasper County by information with two counts of the class "B" felony of possession of a controlled substance with the intent to deliver. Following a finding of guilty on each count by a jury, Defendant was sentenced to twenty years on each count, consecutive, as a persistent drug offender. On May 11, 2004, the mandate of this court, reversing Defendant's convictions and remanding for a new trial in accordance with its issued opinion, was filed in this case in the circuit court.[3] Seven days later, a detainer was filed by Jasper County with the Department of Corrections (Department) against Defendant, who was

**2.** Respondent is represented in these proceedings by the Missouri Attorney General's Office. For purposes of clarity, instead of identifying arguments as those of Respondent, we will refer to them as those of the State. However, where the underlying actions of the Respondent as the trial judge are described he is referred to as the Respondent.

**3.** "The judgment and sentences are reversed and the case is remanded for new trial pursuant to this opinion." *Garrett,* 139 S.W.3d at 585.

incarcerated in the Department on an unrelated charge.

The following August, while still incarcerated in the Department on this unrelated charge, Defendant executed an "Inmate's Request for Disposition of Indictments, Information or Complaints" (Request) seeking disposition of the underlying information in this case. The Request was delivered to the appropriate authorities in the Department, completed and signed by them, and forwarded to the Jasper County Prosecuting Attorney and the Jasper County Circuit Clerk by certified mail. The Request was received by the prosecuting attorney on August 16, 2004, and filed with the circuit clerk on the same day.

Respondent made the following docket entry on September 13, 2004: "State appears by Mike Smalley. Defendant appears in person with Larry Maples. Pretrial motions and/or plea set November 1, 2004. Trial set November 18, 2004 and if not heard on that date set December 2, 2004."

Prior to the date set for the "[p]retrial motions," Defendant filed the following five motions:

1. Motion to Exclude All References to Defendant's Post–Arrest Silence (filed on October 25, 2004);

2. Motion to Dismiss for Destruction of Evidence (filed on October 25, 2004);

3. Motion to Exclude Letters and Envelopes and Related Testimony (filed on October 25, 2004);

4. Motion to Exclude Reference to, and Evidence of, Mr. Garrett's Being Dangerous or Having Been Seen with or Associated with Firearms (filed on October 25, 2004); and,

5. Second Supplemental Motion to Suppress Evidence (filed on October 27, 2004).

A hearing was held as scheduled on November 1, 2004, and Respondent made the following docket entry:

State appears by Mike Smalley. Defendant appears in person with Larry Maples. Court takes up Defendant's Motion to Exclude all references to Defendant's Post–Arrest Silence. Sustained. Court takes up Defendant's Motion to Dismiss for Destruction of Evidence. At the Defendant's request motion is passed. Court takes up Motion to Exclude Letters and Envelopes and Related Testimony. Motion is overruled. Court takes up Motion to Exclude References ... Motion is sustained. Court takes Second Supplemental Motion to Suppress Evidence under advisement to review Search Warrant and Affidavit for Search Warrant. So Ordered.

On November 18, 2004, the trial set for that date was cancelled without explanation, but the case was set for hearing on November 29, 2004. On the latter date, Respondent made the following docket entry:

State appears by Mike Smalley. Defendant appears in person with Larry Maples. Defendant's motion to dismiss is continued at the request of Defendant. Court overrules Second Supplemental Motion to Suppress taken under advisement on November 1, 2004. Court denies Defendant's request for a new attorney. Sheriff instructed to deliver Defendant to DOC pending further hearings. Further motions set January 10, 2005.

The trial scheduled for December 2, 2004 was cancelled on that date, without further explanation, and the case was scheduled for hearing on January 10, 2005.

Thereafter, without any explanation, the hearing on January 10, 2005 was cancelled and re-set for February 7, 2005. Also without any explanation, the re-set hearing on February 7, 2005 was thereafter cancelled and the case was set for trial on June 29 and 30, 2005. All of these actions were taken outside of the presence of Defendant, Defendant's attorney and the prosecuting attorney.

On April 7, 2005, Defendant filed a "Motion to Dismiss with Prejudice," alleging that the information had not been brought to trial within 180 days after August 16, 2004, as required by the UMDDL and that, therefore, Respondent had lost jurisdiction to do anything other than dismiss the information. Four days later on April 11, 2005, Defendant was released from the Department on the unrelated charge.

A hearing was held on Defendant's motion to dismiss on April 25, 2005, following which Respondent overruled the motion.

Defendant filed his Petition for Writ of Prohibition herein on May 31, 2005. Two exhibits were attached to this petition— Exhibit A, identified as " 'Inmate's Request for Disposition of Indictments, Information Or Complaints' and Proofs of Delivery" and Exhibit B, identified as "Certified copy of 'Motion to Dismiss With Prejudice' with accompanying Documents, and docket sheet." Also attached to the petition, but not marked or otherwise identified as an exhibit, was a six-page document entitled "Transcript of Pre–Trial Motions, April 25, 2005 10:55 A.M." [4]

This court issued our Preliminary Order in Prohibition on June 14, 2005 directing Respondent, "to refrain from taking further action in [this case], until further order of this court, and to file your answer to [Defendant's] petition . . . on or before July 5, 2005." The State filed its Response in Opposition to Petition for Writ of Prohibition prior to the required date.

### 4) *Issues Presented*

The first prong of Defendant's claim of loss of jurisdiction asserts his entitlement to the benefits of the UMDDL because § 217.450 provides that "[a]ny person confined in a department correctional facility may request a final disposition of any untried . . . information . . . pending in this state on the basis of which a detainer has been lodged against him while so imprisoned." It is undisputed by the State that on August 16, 2004, Defendant was a "person confined in a department correctional facility" and that a "detainer has been lodged against [Defendant] while so imprisoned." It is also undisputed by the State that Defendant has properly requested "a final disposition" of the pending information. The State contends, however, that the provisions of the UMDDL are not applicable to Defendant because the information pending in this action is not an "untried" information as explicitly required by § 217.450. The State points out that the information in this case has been tried, although, admittedly, the results of that trial were reversed on appeal, and, therefore, because it has been "tried" it cannot be an "untried" information. Defendant counters this contention, arguing that the statute's use of the word "untried" is not referring to the historical record of the information, but rather to the status of the information at the time the request for disposition is made. Defendant argues that the remand for new trial issued by this court changed the status of the information from a "tried" information to an

---

4. Because this document was not marked as an exhibit as required by Rule 97.03 and, additionally, because it contained only argument of counsel, it is not considered as a record of any trial court actions in this case.

"untried" information. Because the Request was made after the remand, Defendant was requesting the disposition of an "untried" information. This issue does not appear to have previously presented itself in Missouri.

The second prong of Defendant's lack of jurisdiction claim asserts that the State failed to bring him to trial within 180 days after August 16, 2004, the date the Request was received by the prosecuting attorney and the court, as required by § 217.460. The State counters that, assuming the UMDDL is applicable, the 180-day time period has not been exceeded because any protection afforded the Defendant under the UMDDL terminated upon his release from the Department on April 11, 2005; that any days in excess of 180 days between August 16, 2004 and his release date are attributable to the actions of the Defendant; and that such days do not count toward the 180-day time period.

An adverse determination on either prong of Defendant's claim would defeat his petition for prohibition. Because we find the second prong to be without merit, we do not address the first.

**5) *The 180–Day Period in § 217.460 Was Not Exceeded***

■ Assuming, but not deciding, that the UMDDL is applicable to the Defendant, the trigger for the required 180-day period within which the Defendant must be brought to trial is the date of the receipt of the request by the prosecuting attorney and the court. § 217.450; *Tabor v. State,* 161 S.W.3d 862, 867 n. 3 (Mo.App.2005). That date was August 16, 2004. Once a defendant is released from the Department within the 180-day time limit of the Law, he loses the benefit of the statute.

*State v. Harris,* 108 S.W.3d 127, 128 (Mo. App.2003). Defendant's release from the Department occurred on April 11, 2005. The time period between these two events consists of 238 days.[5]

■ The 180–day period required by § 217.460 excludes any delay of trial attributable to the defendant's "affirmative action or agreement." *State v. Coons,* 886 S.W.2d 699, 701 (Mo.App.1994). Also, "[i]f a delay is actually necessary because of a motion filed by the accused, the delay is excludable." *Lee v. State,* 97 S.W.3d 9, 14 (Mo.App.2002) (quoting *State v. Galvan,* 795 S.W.2d 113, 118 (Mo.App.1990)).

**a) *The Period from November 1, 2004 to November 29, 2004***

On September 13, 2004, the case was set for "pre-trial motions and/or plea" on November 1, 2004; for trial on November 18, 2004; and, if not tired on that date, for trial on December 2, 2004. Just seven days before November 1, 2004, Defendant filed three pre-trial motions to exclude certain evidence and a motion to dismiss. Just five days before November 1, 2004, Defendant filed a motion to suppress evidence.

At the hearing on November 1, 2004, Respondent ruled upon and disposed of the three pre-trial motions to exclude evidence. The court took up for hearing Defendant's motion to dismiss, but, at Defendant's request, the motion was passed. Finally, Respondent took Defendant's motion to suppress under advisement, "to review Search Warrant and Affidavit for Search Warrant." At the conclusion of this hearing, only two matters were left outstanding: Defendant's motion to dismiss and Defendant's motion to suppress.

---

**5.** The day the UMDDL request is received is excluded in the calculation. *Tabor,* 161 S.W.3d at 867. The last day of the period is included in the calculation. Rule 20.01(a). All other calculations of days in this opinion are calculated in the same manner.

Other than these two motions, the record supplied by Defendant to this court in support of his petition does not disclose any other outstanding matters or issues pending at that time that would have prevented a trial being held on November 18, 2004 as scheduled.

On November 18, 2004, the trial was cancelled and the case was scheduled for "hearing" on November 29, 2004, which was just three days before the scheduled back-up trial date on December 2, 2004. It is a reasonable inference from the record that the November 18, 2004 trial date was cancelled due to Respondent having Defendant's motion to suppress under advisement, as that motion was one of Defendant's then currently-outstanding motions and the only motion which was awaiting action by Respondent.

Defendant argues that the record is devoid of "any reason attributable to the [Defendant] that the supplemental motion to suppress could not have been disposed of before the November 18th trial date," citing *State v. Smith*, 686 S.W.2d 543, 548 (Mo.App.1985) in support.[6] *Smith* is easily distinguishable. *Immediately* following arraignment, the defendant filed a motion to dismiss, a motion for a bill of particulars, a request for disclosure, and a contemporaneous notice of hearing on such pleadings. *Id.* (Emphasis added). "There is no further reference to these motions or the request until ... immediately preceding the trial. At that time the motions were overruled. The request was acknowledged to have been satisfied." *Id.* The defendant filed a motion to dismiss for not being brought to trial within the 180-day period. "In overruling the defendant's

motion to dismiss ... the trial court found 45 days to be a reasonable time for the disposition of the motions and request. It extended the 180-day period by that length of time." *Id.* This court denied such extension stating: " 'The period to be excluded is not, however, a normal time reasonably to be assigned to the disposition of a similar motion. It is *the period of delay,* if any, which in the individual case may be *actually ascribed to* consideration and determination of *the particular motion....'People v. Torres,* 60 N.Y.2d 119, 456 N.E.2d 497, 501, 468 N.Y.S.2d 606 (1983) (emphasis added)." *Id.*

In the instant case, the twenty-eight-day delay, from November 1, 2004, when Respondent took Defendant's motion to suppress under advisement for consideration, until November 29, 2004, when Respondent determined and overruled the motion, is the period actually *"ascribed to* consideration and determination of *the particular motion "* and, as indicated by *Smith,* is attributable to Defendant.

There is nothing in the record to indicate that this twenty-eight-day period is an unreasonable or unduly long period of time within which to consider and determine the motion to suppress. The reasonableness of this time period is supported by the fact that it took forty-four days—from September 13, 2004, when the case was set for trial, until October 27, 2004, when the motion to suppress was filed—for Defendant to consider and then file the motion in the first place. If Defendant had not delayed filing this motion for forty-four days, Respondent could have considered and ruled on it prior to November 1, 2004, and

---

6. *Smith* was decided under the "Agreement on Detainers" in § 217.490, which applies to criminal charges pending against a prisoner in a correctional system of a jurisdiction other than Missouri. "The Agreement and the UMDDL are *in pari materia,* both provide for

a defendant to be brought to trial within a prescribed 180-day limit, they are construed in harmony with each other, and the principles of one may be applied to the other." *Carson,* 997 S.W.2d at 96.

the trial could have been held as scheduled on November 18, 2005.

The delay from November 1, 2004 to November 28, 2004 is attributable to Defendant and is excluded from the 180–day period within which Defendant should have been brought to trial.

**b)** *The Period from November 29, 2004 to January 10, 2005*

After overruling Defendant's motion to suppress, the only outstanding matter left pending on November 29, 2004, before the trial scheduled on December 2, 2004, was Defendant's motion to dismiss. If sustained, it would have obviated the need for a trial. This motion was "continued at the request of the Defendant" and "[f]urther motions [sic] set January 10, 2005." Because this motion was the only outstanding motion at this time, it is obvious that this motion was continued at Defendant's request until January 10, 2005. The trial setting on December 2, 2004 was implicitly continued because holding the trial on that date would have made the setting of Defendant's motion to dismiss on January 10, 2005, a meaningless act. The fact that Respondent instructed the Sheriff "to deliver Defendant to DOC [Department of Corrections] pending further *hearings* " (emphasis added) supports the conclusion that the trial on December 2, 2004, was continued due to Defendant's affirmative action in requesting that his motion to dismiss be continued and his agreement that it be continued until January 10, 2005. Thus, the forty-two-day delay from November 29, 2004 until January 10, 2005 is attributable to Defendant and is excluded from the 180–day period. *Coons,* 886 S.W.2d at 701.

**c)** *Calculation of 180–day Period*

Adding together the twenty-eight-day and the forty-two-day delays attributable to Defendant gives a total of seventy days of delay during the 238–day period of August 16, 2004, the commencement date of the UMDDL 180–day period, and April 11, 2005, Defendant's release date from the Department, when Defendant lost the benefit of the Law. Subtracting the seventy days of Defendant's delay from the 238 days in the latter time period leaves 168 days attributable to the State. Therefore, the State did not exceed the 180–day period required by § 217.460, even if that statute is applicable to Defendant.

**6)** *Preliminary Writ Quashed*

The preliminary writ issued on June 14, 2005 should be and hereby is quashed.

RAHMEYER, P.J., and PARRISH, J., concur.