**HOSPITAL SAN JORGE, INC.,
Plaintiff, Appellant,**

v.

**UNITED STATES SECRETARY OF HEALTH, EDUCATION AND WELFARE, et al., Defendants, Appellees.**

No. 78–1333.

United States Court of Appeals,
First Circuit.

Argued Feb. 9, 1979.

Decided May 17, 1979.

LEVIN H. CAMPBELL, Circuit Judge.

Hospital San Jorge, Inc., has been a provider of medical services under Title XVIII of the Social Security Act, known as Medicare, since 1966. The Hospital, as a "provider of services," 42 U.S.C. § 1395x(u), is reimbursed for the reasonable cost of its services to Medicare patients by federal money channeled through a fiscal intermediary, 42 U.S.C. § 1395h. The Hospital's fiscal intermediary was Cruz Azul of Puerto Rico from 1966 until 1972, when Blue Cross of Florida took over.

Upon becoming the fiscal intermediary, Blue Cross of Florida had audits conducted of the Hospital's previous cost reports, and concluded that the Hospital had received excessive reimbursements for the 1966–70 period. On February 7, 1973, Blue Cross of Florida notified the Hospital that it had been overpaid by $308,784 during 1966–70, $56,514 of which had been subsequently recouped, and requested repayment of the balance, $252,270. The Hospital filed an appeal request with the Provider Appeal Coordinator of the national Blue Cross Association, who referred the matter to Blue Cross of Florida for administrative review. On September 19, 1973, a meeting, or "administrative hearing," was held between officials of the Hospital and Blue Cross of Florida. The disputed reimbursements were discussed but not resolved at this meeting, and the parties apparently agreed to continue their discussions. The record does not reveal how the administrative review process continued thereafter. However, the record does show that in December 1973 the Blue Cross Provider Appeal Coordinator informed the Hospital as follows:

"After the local review, if you still wish to pursue your appeal with the Blue Cross Association Provider Appeal Hearing Officer please notify us within 60 days of notification of the local redetermination what issues remain in dispute."

In the meantime, as of October 1973, Blue Cross of Florida began reducing current

Eduardo Morales Coll, Santurce, P. R., for plaintiff, appellant.

Annette H. Blum, Asst. Regional Atty., New York City, with whom Barbara Allen Babcock, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., and Borge Varmer, Regional Atty., New York City, were on brief, for defendants, appellees.

Before CAMPBELL and BOWNES, Circuit Judges, and JAMESON, District Judge.*

* Of the District of Montana, sitting by designation.

Medicare reimbursements to the Hospital by 25% in order to recoup the 1966–70 overpayments. On August 29, 1974, the Hospital filed a complaint in the district court alleging that such reductions by then totalled $119,275.27,[1] and seeking payment of that amount as well as injunctive relief against any further recoupment reductions until a final determination regarding the disputed 1966–70 reimbursements was made. In addition, the complaint asked the district court to review the substance of the overpayment determination by Blue Cross of Florida. It listed ten specific adjustments by Blue Cross to the Hospital's 1966–70 cost reports which it disputed: (1) parking income; (2) laboratory income; (3) interest expense; (4) bad debts deduction; (5) cafeteria; (6) leased spaces; (7) maintenance charges; (8) x-ray income; (9) telephone charges; and (10) meals to guests and inpatients. The Hospital made various other statutory claims, as well as a constitutional claim that the reduction of current Medicare reimbursements to recoup the prior alleged overpayments "constituted a taking without due process of law."

The district court granted no preliminary relief. Before long, the parties resolved all of their substantive disagreements regarding the 1966–70 reimbursements, except their dispute with respect to x-ray income. On November 18, 1974, the Hospital stated in a Motion for Consolidation "[t]hat after September 24, 1974 Hospital San Jorge, Inc. and Defendant held a conference in which all the adjustments made by Defendant and made a part of the complaint were transacted, except the adjustment relative to X-Rays." This was verified by the parties'

September 25, 1975 stipulation, in which they agreed,

"[t]hat they have settled all the adjustments on the Complaint except for the X-Rays claim . . . [and] [t]hat the said X-Rays controversy is a matter of law that can be submitted to the Court by Memoranda by both parties without the need of a hearing."

The district court subsequently dismissed the case for lack of subject matter jurisdiction.

■■■ The Hospital argues that federal question jurisdiction is present under 28 U.S.C. § 1331(a).[2] As our opinion in *Rhode Island Hospital v. Califano,* 585 F.2d 1153 (1st Cir. 1978), makes clear, however, federal question jurisdiction over Medicare provider reimbursement disputes is barred by § 205(h) of the Social Security Act, 42 U.S.C. § 405(h), which is expressly made applicable to the Medicare Act by 42 U.S.C. § 1395ii. The only possible exception to this jurisdictional bar might arise where a provider reimbursement dispute presented a colorable constitutional claim and the Act provided no available administrative process leading to judicial review. *See Cervoni v. Secretary of HEW,* 581 F.2d 1010, 1016–17 (1st Cir. 1978). In such a situation one circuit court, rather than read § 405(h) to foreclose judicial review of a constitutional claim, has held § 405(h) to constitute no jurisdictional bar. *St. Louis University v. Blue Cross Hospital Service,* 537 F.2d 283, 291–92 (8th Cir.), *cert. denied,* 429 U.S. 977, 97 S.Ct. 484, 50 L.Ed.2d 584 (1976).[3] Other circuits, however, have held § 405(h) to bar federal question jurisdiction notwithstanding the presence of a constitutional ques-

---

**1.** The Hospital's amended complaint, filed October 2, 1974, alleged that by September 23, 1974, the reductions totalled $132,561.66. The Hospital's Motion for a Temporary Restraining Order represented that after the complaint had been filed, Blue Cross of Florida increased the rate of reduction of the reimbursements from 25% to 50%.

**2.** The Hospital's complaint claimed jurisdiction was present under the Administrative Procedure Act, 5 U.S.C. §§ 701–06, as well. The Administrative Procedure Act, however, "does not afford an implied grant of subject-matter

jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977); *Rhode Island Hospital v. Califano,* 585 F.2d 1153, 1156 n.1 (1st Cir. 1978); *Cervoni v. Secretary of HEW,* 581 F.2d 1010, 1015 (1st Cir. 1978).

**3.** Specifically, *St. Louis University* held in this regard that § 405(h) does not preclude judicial review of a colorable due process challenge to the procedures adopted by the Secretary to determine Medicare reimbursements to providers.

tion. *Dr. John T. MacDonald Foundation v. Califano*, 571 F.2d 328, 331 (5th Cir.) (en banc), *cert. denied*, —— U.S. ——, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978); *Trinity Memorial Hospital of Cudahy, Inc. v. Associated Hospital Service, Inc.*, 570 F.2d 660, 667 (7th Cir. 1977); *see South Windsor Convalescent Home, Inc. v. Mathews*, 541 F.2d 910 (2d Cir. 1976). This circuit has not yet addressed this question, *Rhode Island Hospital v. Califano*, 585 F.2d at 1157–58 n.3, and we find no need to do so here.[4]

The district court concluded that the Hospital was foreclosed from pursuing its constitutional claim, on the basis of its having joined in a stipulation "to limit the issues in controversy" which says nothing whatever about such a claim and appears to preserve only the Hospital's substantive x-ray income claim. In the context of the history of the case and other representations by the Hospital, we sympathize with the district court's view that this stipulation considerably undercuts any attempt at a constitutional argument. We also think the court would have been justified in ruling, in any event, that even had a constitutional claim been maintainable, there was no colorable basis for such a claim on this record.

Assuming, without deciding, the Hospital has a protected property right to reimbursement for medical services to Medicare patients, *compare Cervoni v. Secretary of HEW*, 581 F.2d at 1017–19, we do not see any basis for a present constitutional challenge to the available administrative procedures. The record shows that the Hospital was informed in detail of the reasons for Blue Cross of Florida's overpayment determination and was afforded a right to appeal. The Hospital exercised that right and received an administrative review by Blue Cross of Florida. The complaint and record evidence do not describe the details of this local administrative review, but there was at least one meeting, which the Hospital itself refers to as an "administrative hearing," and the Hospital and Blue Cross of Florida ultimately succeeded in negotiating all but one of the many disputed adjustments. Moreover, the Hospital apparently had the right, of which it received notice but has so far not chosen to avail itself, to obtain further review before a Blue Cross Association Provider Appeal Hearing Officer.

■ The Hospital is vague in its specification of just how these procedures were constitutionally deficient. We see little substance in any contention that Blue Cross violated due process by recouping before the Hospital's administrative appeal was complete.[5] *Mathews v. Eldridge*, 424 U.S. 319, 332–49, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The overpayment determination by Blue Cross of Florida was based upon audits by independent accountants and was fully explained to the Hospital at the outset. The reduction of current Medicare reimbursements to recoup the disputed overpayments did not begin until eight months after the Hospital was notified of the overpayment determination and after an informal hearing was held on the matter. *Cf. id.* at 343–46, 96 S.Ct. 893. Although the dispute involves a substantial amount of money, if the overpayment determination were to be subsequently overruled or reduced, the Hospital could at that time be made

---

4. Our reason for not reaching this question is different, however, from that in *Rhode Island Hospital v. Califano*. In that case, the Act provided an administrative process leading to judicial review, but here it affords no such alternative avenue. 42 U.S.C. § 1395oo (f) authorizes judicial review of provider reimbursement determinations only with respect to determinations involving cost reports for accounting periods ending on or after June 30, 1973, Pub. L.No. 93-484, § 3(b), 88 Stat. 1459 (Oct. 26, 1974), whereas the instant controversy involves cost reports for earlier accounting periods.

5. To the extent the Hospital's constitutional challenge might be to the general adequacy of the administrative procedures, rather than to their timing, the Hospital's failure to utilize the full extent of the available remedies would bar review by us at this time. Although the Hospital may not have received a decision in the local review process, the record does not indicate that relief from the national Blue Cross provider appeal process was thereby foreclosed. Some effort to exhaust that avenue of administrative review should have been made prior to recourse to the courts.

whole for any excessive recoupment. *Cf. id.* at 340–43, 96 S.Ct. 893. We note that at appellate argument counsel for HEW gave solemn assurances that even if the Hospital's administrative appeal rights are no longer current, the United States will use its best efforts to see that the Hospital is afforded an opportunity for appellate administrative review of the local Blue Cross ruling on the x-ray items.

*Affirmed.*