**Dan R. HUBBARD, Plaintiff,**

v.

**COMBUSTION ENGINEERING, INC., d/b/a ABB Resource Recovery, and Lawrence D. Evans, Jointly and Severally, Defendants.**

**Civ. No. 92–CV–70822–DT.**

United States District Court, E.D. Michigan, S.D.

June 2, 1992.

George B. Washington, Detroit, Mich., for plaintiff.

Thomas M.J. Hathaway, Detroit, Mich., for defendants.

## OPINION

DUGGAN, District Judge.

Presently before the Court is defendants' Motion for Reconsideration of Order of Remand. For the reasons which follow, this Court shall deny such motion.

On May 6, 1992, this Court issued an Order granting plaintiff's motion to remand this matter to Wayne County Circuit Court. This Order was based on the Court's bench ruling at oral argument held on April 23, 1992, that this action was improvidently removed in that the Court lacked subject matter jurisdiction.

### I. Jurisdiction

The Order granting plaintiff's motion to remand was issued by this Court on May 6, 1992. The Court's decision to remand this action was based on 28 U.S.C. § 1447(c), in that the Court concluded, as a necessary part of its bench ruling, that it lacked subject matter jurisdiction over plaintiff's claims.

It is well-recognized that once a district court remands a case back to state court pursuant to § 1447(c), it loses jurisdiction over the action. *See New Orleans Public Service, Inc. v. Majoue,* 802 F.2d 166, 167 (5th Cir.1986) (once a case is remanded, the district court is divested of jurisdiction to reconsider the matter). However, 28 U.S.C. § 1447(c) provides, in relevant part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. * * * A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

■ Seizing upon this language, courts have recognized a narrow exception to the loss of jurisdiction upon remand rule, finding that a district court retains jurisdiction to reconsider a remand order where a certified copy of the order has not yet been mailed to clerk of the state court to which the case is to be remanded. *See Seedman v. United States Dist. Court for the Central Dist. of Ca.,* 837 F.2d 413, 414 (9th Cir.1988) (per curiam) ("after certification to the state court a federal court cannot vacate a remand order issued under section 1447(c)"); *Bucy v. Nevada Constr. Co.,* 125 F.2d 213, 217 (9th Cir.1942) (order of remand is not self-executing, a certified copy of the order must be filed in the state court in order for the remand to take effect, before that is accomplished, district court retains jurisdiction to vacate the order); *Hughes v. General Motors Corp.,* 764 F.Supp. 1231, 1237–38 (W.D.Mich.1990) (district court only has jurisdiction to reconsider remand order where a certified copy of such order has been sent to state court).

■ In the present matter, a certified copy of the Order granting plaintiff's motion to remand had not been sent to the clerk of the state court (Wayne County Circuit Court) as of May 20, 1992, the date

defendants' filed the instant motion. Accordingly, this Court has jurisdiction to consider the matter at hand.

## II. Motion to Remand

■ In their motion for reconsideration, defendants renew their argument that plaintiff fraudulently joined defendant Lawrence D. Evans as a defendant in order to deprive this Court of diversity jurisdiction over the action. In their motion, defendants proffer additional case law and legislative history to buttress their contention that plaintiff's claim that he was discharged in retaliation for pursuing a workers' compensation claim cannot be asserted against Evans, but instead, can only be asserted against the company. In essence, defendants again argue that M.C.L.A. § 418.301(11), which prohibits such retaliatory discharge only applies to employers and not to individuals. Specifically, defendants contend that the term "person" in § 418.301(11) can only mean "employer."[1]

E.D.Mich. Local Rule 7.1(h)(3), which applies to motions for reconsideration, provides:

> Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

Defendants' motion for reconsideration presents the same issues already ruled upon by the Court, albeit this time supplemented with additional citations to case law and legislative history. Defendants' arguments do not persuade this Court that its bench ruling of April 23 was incorrect. Accordingly, defendants' motion for reconsideration shall be denied.

---

1. M.C.L.A. § 418.301(11) provides:

A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act.

An Order consistent with this Opinion shall issue forthwith.