# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3731

_____

Edward Allen Moore,

          Appellant,

      v.

Ernest-Jackson, D.D.S.; Randee
Kaiser; Karen Cornell; Gerald Bommel;
Steve Long; John Sydow; Judy P.
Draper; Dora Schriro; William Wade,
M.D.; Richard Washington; David
Dormire; Michael Groose; Correctional
Medical Services,

          Appellees.

_____

No. 00-3733

_____

Edward Allen Moore,

          Appellee,

      v.

Ernest-Jackson, D.D.S.; Randee
Kaiser; Karen Cornell; Gerald Bommel;
Steve Long; John Sydow; Judy P.
Draper; Dora Schriro; William Wade,
M.D.; Richard Washington; David

Appeals from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

Dormire; Michael Groose,                    *
                                             *
              Defendants,                    *
                                             *
ARA Services, doing business as              *
Correctional Medical Systems, Inc.,          *
                                             *
              Appellant.                     *
                        _____


                  Submitted:  April 27, 2001
                       Filed:  August 7, 2001
                        _____


Before WOLLMAN, Chief Judge, BRIGHT, and BOWMAN, Circuit Judges.
                        _____


PER CURIAM.

These are consolidated appeals following a jury trial in Missouri inmate Edward Allen Moore's 42 U.S.C. § 1983 action, which was based on allegations about a delay in receiving dental care, and mishandling of medical service requests (MSRs). Moore appeals (1) the district court's[1] pretrial dismissals of Missouri Department of Correction and Jefferson City Correctional Center employees (collectively, "Correctional defendants"), Dr. William Wade, and Moore's state-law claims; and (2) the court's entry of judgment upon the jury's verdicts in favor of Dr. Ernest Jackson and Nurse Karen Cornell, and against Correctional Medical Services, Inc. (CMS). CMS cross-appeals the denial of its motion for judgment as a matter of law (JAML). We affirm.

---

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

As to Moore's appeal, we conclude that (1) summary judgment was properly granted to Correctional defendants, as Moore failed to create trialworthy issues on whether these defendants knew of and refused to remedy an objectively serious deprivation of dental care, or ignored his allegations that MSRs were being discarded, see Tlamka v. Serrell, 244 F.3d 628, 632-33 (8th Cir. 2001); (2) the court properly dismissed Moore's state-law claims for failure to comply with a Missouri statute requiring an affidavit of merit in cases involving personal injury related to the rendering of, or failure to render, health care services, see Mo. Rev. Stat. § 538.225 (2000); (3) although Moore technically may have stated an Eighth Amendment claim against Dr. Wade, the record contains no evidence of Dr. Wade's involvement in the wrongs alleged by Moore; and (4) the court did not abuse its discretion when it denied Moore's motions to compel discovery, see Moran v. Clarke, 247 F.3d 799, 807 (8th Cir. 2001), denied his motion to amend his complaint, see Brown v. Wallace, 957 F.2d 564, 565-66 (8th Cir. 1992) (per curiam), excluded the trial testimony of three inmate witnesses, see Moran, 247 F.3d at 806, limited Moore's cross-examination of Dr. Jackson, see Villanueva v. Leininger, 707 F.2d 1007, 1010 (8th Cir. 1983) (per curiam), and controlled closing arguments, see Harris v. Steelweld Equip. Co., 869 F.2d 396, 404-05 (8th Cir.), cert. denied, 493 U.S. 817 (1989).

As to the cross-appeal, we reject CMS's argument that the verdict against it was inconsistent with the verdict in favor of Dr. Jackson and Nurse Cornell, and with our conclusion in Moore's previous appeal that summary judgment was properly granted to other CMS employees. See Moore v. Jackson, 123 F.3d 1082 (8th Cir. 1997) (per curiam). The claim against CMS involved different elements than the claims against Dr. Jackson and Nurse Cornell as articulated in the jury instructions, see Anheuser-Busch, Inc. v. John Labatt Ltd., 89 F.3d 1339, 1347 (8th Cir. 1996), cert. denied, 519 U.S. 1109 (1997); likewise, the claims against the CMS employees before us in the prior appeal were unlike those against CMS, see Moore, 123 F.3d at 1086-87.

We also reject CMS's contention that the evidence did not meet the elements of the applicable jury instruction.  Given the wording of the instruction at issue--which did not use the words "official" before "policy" or "final" before "policymakers," and did not define "policy," see Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999)--we cannot say that no reasonable jury could have found for Moore, see Moring v. Ark. Dep't of Corr., 243 F.3d 452, 455 (8th Cir. 2001) (denial of JAML motion is reviewed de novo, viewing evidence in light most favorable to non-moving party and giving extreme deference to jury's verdict).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.