STATE of Missouri, ex rel. Jeremiah W. (Jay) NIXON, Attorney General, State of Missouri, Respondent,

v.

Edward Allen MOORE, Appellant.

No. WD 61619.

Missouri Court of Appeals,
Western District.

July 1, 2003.

Appellant Pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Troy Allen, Asst. Attorney General, Jefferson City, MO, for Respondent.

Before RONALD R. HOLLIGER, P.J., PAUL M. SPINDEN, and JAMES M. SMART, JR., JJ.

PER CURIAM.

Edward Allen Moore appeals the summary judgment ruling in action filed by the State of Missouri against Moore under the Missouri Incarceration Reimbursement Act. We reverse the grant of summary judgment and remand the case.

## Statement of Facts

In 1991, Moore was convicted of assault in the first degree, § 565.050 RSMo.1986, and sentenced as a Class X offender, § 558.019, RSMo.1986, to thirty years in the Missouri Department of Corrections. *See State v. Moore,* 882 S.W.2d 253 (Mo. App.1994). Moore filed a 42 U.S.C. § 1983 lawsuit against Correctional Medical Services ("CMS") and other defendants in federal court based on allegations that he received inadequate medical care in 1994 while incarcerated in Missouri. A jury trial was held. The jury found that CMS was liable for $9,800 for indifference to Moore's serious medical needs; the other defendants were either dismissed before trial or were found not liable by the jury. The United States Court of Appeals for the Eighth Circuit affirmed the verdict on August 7, 2001. *Moore v. Jackson,* 16 Fed. Appx. 517 (8th Cir.2001) (unpublished).

On October 3, 2001, the State of Missouri filed a petition against Moore in the Circuit Court of Cole County for reimbursement of the costs of Moore's incarceration under the Missouri Incarceration Reimbursement Act ("MIRA"), §§ 217.825 to 217.841, RSMo.2000. The same day, the Circuit Court issued an order to show cause and an ex parte order appointing a

receiver. The Circuit Court directed Moore to answer by November 26, 2001. Moore attempted to file a notice of removal to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1446. The notice of removal was filed on October 29, 2001, in the Circuit Court, but due to confusion with some other cases Moore had pending in the federal court, the clerical staff in the U.S. District Court did not file the notice of removal but instead sent it back to Moore unfiled. Moore again attempted to file the notice of removal. On November 21, 2001, the U.S. District Court docketed Moore's motion for leave to file *in forma pauperis*,[2] and noted that Moore had attached the notice of removal, but delayed entering the notice of removal until the motion for leave was granted. On December 19, 2001, the U.S. District Court granted Moore's motion for leave to file in *forma pauperis* and entered the notice of removal.

Moore's notice under 28 U.S.C. § 1446 cited diversity jurisdiction under 28 U.S.C. § 1332, civil rights jurisdiction under 28 U.S.C. § 1343, and federal question jurisdiction under 28 U.S.C. § 1331. The State filed a motion to remand the case back to state court, contending the case did not qualify for federal jurisdiction. On February 8, 2002, the U.S. District Court ("federal court") entered an order granting the State's motion for remand. On February 11, 2002, Moore filed a motion for reconsideration. On April 5, 2002, the federal court entered an order denying Moore's motion for reconsideration. Moore filed another motion for reconsideration on April 8, 2002. On April 17, 2002, the Clerk of the federal court mailed a certified copy of the remand order to the Circuit Court

("state court") pursuant to 28 USC § 1447. The order was received by the state court and entered on the docket sheet on April 19, 2002.

Meanwhile, the state court had been proceeding with the MIRA case as though Moore had not removed the case to federal court. The state court received the notice of removal on October 29, 2001. On November 26, 2001, the state court held a hearing, and scheduled a second hearing for December 17, 2001. The State, in the meantime, filed a motion for summary judgment on December 6, 2001. The state court conducted additional hearings on December 17, 2001, and January 28, 2002. The hearings were ignored by Moore.

On January 31, 2002, the state court made a docket entry that the case had been remanded from the federal court. We cannot tell the source of this docket entry, and the entry was in fact erroneous. The federal court did not enter a remand order until about a week later, February 8, 2002. In any event, the state court scheduled a hearing on the State's motion for summary judgment on March 25, 2002. On March 27, 2002, the state court entered summary judgment in behalf of the State. The judgment awarded the State 90% of Moore's assets, which included the $9,800.00 he had been awarded against CMS. On April 19, the state court received the certified order from the federal court remanding the case back to the state court. The same day, Moore filed a motion for a new trial in the state court, alleging that the court had made numerous errors and did not have jurisdiction to enter the judgment. The motion was denied. Moore now appeals.

2. Moore's assets had been provisionally attached by the Circuit Court pursuant to

§ 217.837.

### Analysis

Moore raises twelve points on appeal. We need not address all points, as one point supports reversal.

Moore claims that the state court erred in entering a judgment against him because the state court lacked subject matter jurisdiction. Moore argues that the judgment was entered while the case was still in federal court, and, thus, the judgment was void *ab initio*.

■ The federal courts are courts of limited jurisdiction, empowered to hear only such cases as are provided by the Constitution and the Constitutionally-authorized acts of Congress. Article III, section 2 of the Constitution defines the jurisdiction of the federal courts. Although Article III does not in terms permit the removal of cases to federal courts, removal was authorized by the First Judiciary Act in 1789 as "necessary and proper" to the execution of the tasks delegated the national government. While initially it was not clear that the states needed to accede, in doubtful cases, to the federal court's view of their own jurisdiction, it is now well-established that federal courts have "[j]urisdiction to determine jurisdiction." 13A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3536, at 535 (2d ed.1984). 28 U.S.C. § 1446 eliminates conflict between the two systems of courts by specifying that, once removal has been procedurally effected, any subsequent state action is void, even if it turns out the case was removed improperly. *Ward v. Resolution Trust Corp.*, C.A.8 (Ark.) 1992, 972 F.2d 196, 198 (8th Cir.1992), *cert. denied* 507 U.S. 971, 113 S.Ct. 1412, 122 L.Ed.2d 783 (1993); *Cavanagh v. Cavanagh*, 119 R.I. 479, 380 A.2d 964, 967 (1977). Once the federal court determines that the case is not appropriate for federal jurisdiction, the court is to remand the case to the state court for further proceedings. 28 U.S.C. § 1447. The remand ends the jurisdiction of the federal court. *Id.*

The question in this case is the date on which the state court regained jurisdiction after the removal to the federal court. The order remanding the case to the state court was signed on February 8, 2002. The remand order was certified and mailed to the state court pursuant to 28 U.S.C. § 1447 on April 17, 2002. In the interim, the judgment in the state court was entered against Moore on March 27, 2002.

Moore argues that the remand was not effective until April, when the remand order was certified and mailed to the state court, and, thus, the state court's judgment entered in March was void. Moore also claims that the certification and mailing of the remand order determined the date of service from which he should have been given the statutory amount of time, under section 217.835.2, RSMo., to file an answer to the MIRA petition. The State, citing no legal authority and providing no analysis, concludes that the case was remanded on February 8, 2002, and therefore asserts that the state court properly had jurisdiction when it issued the judgment.

The issue, though seemingly simple, is not so easily resolved. No Missouri court has previously addressed the issue of exactly when jurisdiction returns to the state court. Removal is accomplished under 28 U.S.C. § 1446. Subsection (d) of that statute provides that once removal has been effected, the state court "shall proceed no further unless and until the case is remanded." Then the procedure for remand is described in 28 U.S.C. § 1447(c), which states:

> If at any time before final judgment it appears that the district court lacks sub-

ject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal. *A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.* (emphasis added).

A plain reading of § 1447(c) suggests that the federal court does not relinquish jurisdiction back to the state court until a certified copy of the remand order has been mailed. We note also that § 1446(d) says that the state court shall not proceed "until the *case* is remanded." It does not say "unless and until *an order of remand* is entered." Thus, § 1446(d) does not support the argument that the entering of the order is the operative event in revesting jurisdiction in state court.

The vast majority of federal courts that have confronted this issue have held that the mailing of a certified copy of the remand order is the operative event in the return to state court jurisdiction. *See Fed. Deposit Ins. Corp. v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir.1979); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 227 (3rd Cir.1995); *Hunt v. Acromed Corp.*, 961 F.2d 1079, 1081–82 (3rd Cir.

1992).[3] A few federal courts have reached the opposite conclusion, holding that jurisdiction transfers back to the state as soon as an order of remand is entered. *See In re Lowe*, 102 F.3d 731, 736 (4th Cir.1996); *Whiddon Farms, Inc. v. Delta & Pine Land Co.*, 103 F.Supp.2d 1310, 1314 (S.D.Ala.2000); *Van Ryn v. Korean Air Lines*, 640 F.Supp. 284, 284 (C.D.Cal.1985).

The state court may not be immediately notified by the federal court of the order of remand. Counsel, of course, are promptly notified of the order of remand, and often counsel will, in the interest of saving time, notify the state court and proceed in the interim with the state court action. There is nothing in the federal statutory scheme prohibiting the *parties* from proceeding at that point. Thus, frequently, no one contests the matter of the timing of the reacquisition of jurisdiction.[4]

The courts which hold that a remand order, when signed, immediately revests jurisdiction in the state courts have stated that policy considerations support their position. In *Van Ryn*, the U.S. District Court for the Central District of California stated that logic, intuition, and the principle that "substance should prevail over form" all suggest that the operative event should be the signing of the order of remand. 640 F.Supp. at 285. A few state

---

**3.** Additional cases taking the same view: *Browning v. Navarro*, 743 F.2d 1069, 1078–79 (5th Cir.1984); *Seedman v. United States Dist. Court*, 837 F.2d 413, 414 (9th Cir.1988); *Bucy v. Nev. Constr. Co.*, 125 F.2d 213, 217 (9th Cir.1942); *In re Am. Freight Sys.*, 214 B.R. 914, 927 (D.Kan.1997); *Hubbard v. Combustion Eng'g, Inc.*, 794 F.Supp. 221, 222 (E.D.Mich.1992); *Hughes v. Gen. Motors*, 764 F.Supp. 1231, 1237–38 (W.D.Mich.1991); *McManus v. Glassman's Wynnefield, Inc.*, 710 F.Supp. 1043, 1046 (E.D.Pa.1989); *Cook v. J.C. Penney Co.*, 558 F.Supp. 78, 79 (N.D.Ia. 1983); *Rosenberg v. GWV Travel, Inc.*, 480 F.Supp. 95, 97 n. 3 (S.D.N.Y.1979); *Yarbrough v. Blake*, 212 F.Supp. 133, 147

(W.D.Ark.1962); *Poindexter v. Gross & Janes Co.*, 167 F.Supp. 151, 154 (D.Ark.1958).

**4.** Even after the mailing of the certified copy of the order of remand to the state court, some federal courts believe they continue to retain jurisdiction over the issue of attorneys' fees and costs related to the removal issue. *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1257–58 (3d Cir.1996). Thus, a federal court can continue with the separate issue of costs under § 1447, even while a state court is addressing the merits of the case. *Id.* at 1258. In such an instance, we do not have two separate court systems proceeding simultaneously on the merits of the claim.

courts have agreed, particularly when the issue has arisen in the troublesome circumstance in which after the remand order the case proceeded to judgment in the state court, only to be challenged jurisdictionally on appeal when it is discovered that the certification and mailing was never completed. *See, e.g., Int'l Lottery, Inc. v. Kerouac,* 102 Ohio App.3d 660, 657 N.E.2d 820 (1995); *State ex rel. Vill. of Los Ranchos de Albuquerque v. City of Albuquerque,* 119 N.M. 169, 889 P.2d 204 (Ct.App.1994). Those courts have, of course, been reluctant to conclude that the state lacked jurisdiction to proceed. *Id.* Other states, in other circumstances, have followed the lead of the federal courts in tying the loss of federal jurisdiction to the time the remand order is certified and mailed. *Quaestor Invs., Inc. v. State of Chiapas,* 997 S.W.2d 226 (Tex.1999); *Blazer Elec. Supply Co. v. Bertrand,* 952 P.2d 857 (Colo.Ct.App.1998); *State v. Lehman,* 203 Neb. 341, 278 N.W.2d 610, 615 (1979).

It should be noted that here there is no argument that Moore, by virtue of acquiescence in state court jurisdiction after the order of remand, is estopped from contesting state court jurisdiction. Moore never took any action that could be construed as acquiescence in state court jurisdiction until after the mailing of the certified copy of the order of remand.

While it may arguably be expedient to regard the signing of the order of remand as the operative jurisdictional event, there are also benefits of accepting at face value the language of § 1447(c), indicating that the operative jurisdictional event is the certification and mailing of the order. Requiring the state to wait to proceed with the case until after a certified remand order has been sent ensures that the federal court has indeed ceased to exercise jurisdiction over the merits of the case. Under the case law of most circuits, feder-

al courts have the power to review, alter, or reverse an erroneous order of remand during the short period between the signing of a remand order and the certification and mailing to the state court. *See, e.g. Bucy v. Nev. Constr. Co.,* 125 F.2d 213, 217–18 (9th Cir.1942). Thus, a rule making clear that jurisdiction to proceed does not immediately revert back to the state court upon the signing of the order allows a civil defendant to retain the right to assert that the order of remand was improvidently entered. Because remands are not appealable, 28 U.S.C. § 1447(d), it makes sense to allow the federal district court an opportunity to correct any error or misunderstanding before the remand order is final. A clear rule avoids confusing litigants about where jurisdiction may lie when one of the parties is attempting to obtain an order setting aside of the order of remand.

In this case, the remand order was signed on February 8, 2002. Moore, relying on the language of § 1447(c), continued to file motions in federal court. He did not file an answer to the petition in state court. Moore did not acknowledge the jurisdiction of the state court until April 19, 2002, immediately after the certified copy of the remand order was mailed to the state court. Moore promptly filed a motion for a new trial in the state court, alleging that it did not have subject matter jurisdiction to make any rulings prior to the remand.

The requirement that a certified copy of the remand order be mailed to the state court before jurisdiction re-attaches ensures that the state court receives a reliable notice of remand. Rule 55.34 of the Supreme Court Rules contemplates an orderly procedure for the return of the case to state court jurisdiction. The Rule specifies that the duty of the defendant to answer the petition does not begin to run until the date of the order of remand,

which is deemed "the date of service" for determining when the answer is due. Rule 55.34(a).[5] Also, within thirty days after remand, the plaintiff is to file a list of all the documents filed in the federal court that are to be made a part of the state court file. Within forty days after the order of remand, other parties shall do likewise. Rule 55.34(b). Any discovery that occurred in the federal court during removal is deemed to have occurred in the state court action. Rule 55.34(c). There is clearly no contemplation that parties will be filing, and obtaining hearings on, motions for summary judgment during the period of removal.

■ A rule that the state court instantly regains jurisdiction (to rule on pending motions, etc.) upon the signing of the remand order (and before the mailing of a certified copy) might potentially lay a trap for unsuspecting litigants. We believe that because of the confusion on this issue, as illustrated by what happened to Moore, and because of the language of §§ 1446 and 1447, the Missouri court in this case erred in purporting to exercise jurisdiction before (1) the remand order had been signed, and (2) the clerk of the federal court had certified and mailed the remand order pursuant to § 1447.

In this case, although Moore had difficulty getting his notice of removal filed, we regard the actual removal date as late October, because the federal court obvi-ously treated the notice of remand as relating back to the first attempt to file it. Otherwise, Moore's attempt at removal would have been untimely. This is consistent with § 1446, which dictates that the state court jurisdiction is abated at the time the removal petition is filed and notice of the petition is given to all the parties and the state court:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d).

The State's motion for summary judgment was not filed until December 6, which was during the time the case was removed. In accordance with federal removal statutes and Rule 55.34(b) and (c), nothing is to transpire in the Missouri proceeding until the case has been remanded and the exact status of the state proceeding has been determined in accordance with the provisions of Rule 55.34. Therefore, we conclude that the State's motion for summary judgment, as well as the order granting summary judgment, was a legal nullity at the time of remand.

It is not characteristic for Moore to miss a filing deadline. Moore is a one-man

---

5. Rule 55.34(a) states: "If a case removed to federal court is remanded to a court of this state, the date of the remand order is deemed the date of service for determining when a pleading shall be filed or an action taken." It is not entirely clear what the rule drafters intended by the use of the phrase "the date of the remand order." We doubt that the Missouri Supreme Court would interpret this rule as conflicting with Sections 1446 and 1447. The State does not argue that Rule 55.34 governs the re-attachment of state jurisdiction. In any event, it would not help the State in this case, because the State had no authority to file a motion for summary judgment in state court on December 6, 2001, right in the middle of the period of the removal. Clearly, the courts cannot allow a plaintiff to file a dispositive motion in state court while the case is removed to federal court, and then allow the plaintiff to attempt to trap the defendant in a default under Rule 55.34(a) before the certified order of remand is mailed. We do not believe Rule 55.34(a) was intended to allow such a scenario.

litigation factory.[6] Clearly, Moore believed he was protected from any state court action until the mailing of the certified copy of the order of remand. We believe he was correct. The Missouri court had no power to proceed at all on March 27, 2002. Therefore, the grant of summary judgment is void and must be vacated.

■ Finally, on a procedural note, Moore argues that the trial court erred in ordering Moore to pay the full filing fee for this appeal. The Prisoner Litigation Reform Act, Section 506.369, RSMo.2000, states:

> 1. If the court ... determines that an [incarcerated individual] is unable to pay the full amount of court costs due with respect to a case, the court shall assess a partial payment of the twenty percent of the greater of the following:
>
> (1) The average monthly deposits to the offender's account for the six-month period immediately preceding the filing of the complaint or notice of appeal requiring the payment of a fee; or

> (2) The average monthly balance in the offender's account for the six-month period immediately preceding the filing of the complaint or notice of appeal requiring the payment of a fee.

This is a change from the earlier version of section 506.369, which required that the incarcerated individual pay the full amount of the filing fee. The statute was amended in 1999. Here, the trial court determined that Moore was able to pay an initial partial filing fee of $19.64 for this appeal under the terms of the Prisoner Litigation Reform Act, and on July 3, 2002, entered an order directing Moore to pay that amount. The trial court then entered another order, dated July 18, 2002, which ordered the difference between his initial partial filing fee of $19.64 and the full filing fee of $50.00, a total of $30.36, to be withdrawn from Moore's correctional center account. The July 18 order contradicts section 506.369 and is vacated.

## Conclusion

Because the Circuit Court proceeded with this case during the time the case was

---

**6.** *See Moore v. Plaster,* 313 F.3d 442 (8th Cir.2002); *Moore v. Plaster,* 266 F.3d 928 (8th Cir.2001), *cert. denied* 535 U.S. 1037, 122 S.Ct. 1797, 152 L.Ed.2d 655 (2002); *Moore v. Jackson,* 16 Fed.Appx. 517, 2001 WL 881398 (8th Cir.2001) (unpublished), *cert. denied* 535 U.S. 1023, 122 S.Ct. 1618, 152 L.Ed.2d 630 (2002); *Moore v. Mercier,* 242 F.3d 376 (table), 2000 WL 1511402 (8th Cir.2000); *Moore v. Groose,* 526 U.S. 1043, 119 S.Ct. 1344, 143 L.Ed.2d 507 (1999) (mem.); *Johnson v. State of Mo.,* 142 F.3d 1087 (8th Cir.1998); *Moore v. Hall,* 121 F.3d 713, 1997 WL 529991 (8th Cir.1997); *Moore v. Mercier,* 121 F.3d 713 (table), 1997 WL 529994 (8th Cir.1997); *Moore v. Jackson,* 123 F.3d 1082 (8th Cir. 1997); *Moore v. Groose,* 519 U.S. 1130, 117 S.Ct. 990, 136 L.Ed.2d 871 (1997) (mem.); *Moore v. Bright,* 60 F.3d 830 (table), 1995 WL 413343 (8th Cir.1995); *Moore v. Dormire,* 42 F.3d 1393 (table) (8th Cir.1994); *State v. Moore,* 882 S.W.2d 253 (Mo.App.1994), *cert. denied* 513 U.S. 1130, 115 S.Ct. 942, 130 L.Ed.2d 886(1995); *Moore v. Henderson,* 20 F.3d 466 (table) (5th Cir.1994), *rehearing en banc denied* 25 F.3d 1046 (1994); *Moore v. Mercier,* 42 F.3d 1393 (table) (8th Cir.1994); *Moore v. Hale,* 507 U.S. 942, 113 S.Ct. 1344, 122 L.Ed.2d 726 (1993) (mem.); *Moore v. Moore,* 995 F.2d 227 (table) (8th Cir.1992); *Moore v. Collins,* 956 F.2d 266 (table) (5th Cir.1992); *Moore v. State,* 829 S.W.2d 249 (Tex.Ct.App.1992); *Moore v. Lynaugh,* No. 01–87–00068–CV, 1987 WL 14545 (Tex.Ct. App. July 23, 1987); *Moore v. McCotter,* No. 01–87–00020–CV, 1987 WL 14558 (Tex.Ct. App. July 23, 1987); *Moore v. Lynaugh,* No. 01–87–00056–CV, 1987 WL 14209 (Tex.Ct. App. July 16, 1987); *Moore v. Lynaugh,* 480 U.S. 939, 107 S.Ct. 1587, 94 L.Ed.2d 776 (1987) (mem.); *Moore v. Molinari,* 724 S.W.2d 860 (Tex.Ct.App.1986); *Moore v. McCotter,* 781 F.2d 1089 (5th Cir.1986); *Moore v. State,* 629 S.W.2d 266 (Tex.Ct.App. 1982).

removed, and granted judgment before its jurisdiction to proceed had re-attached, we vacate the summary judgment entered against Moore, and remand to the trial court for the court to proceed with the case as it existed at the time of removal to federal court, subject to any additions pursuant to Rule 55.34. We also vacate the trial court's order dated July 18, 2002, directing Moore to pay the full filing fee for this appeal. In view of this ruling, the other points raised by Moore are moot and need not be addressed. Each party shall bear its own costs on this appeal.