# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2739

_____

Edward Allen Moore,                          *
                                             *
              Appellant,                     *
                                             *
       v.                                    *
                                             *
Ernest Jackson, D.D.S.,                      *
                                             *
              Defendant,                     *
                                             *
James Keith, M.D.,                           *   Appeal from the United States
                                             *   District Court for the
              Appellee,                      *   Western District of Missouri.
                                             *        [UNPUBLISHED]
Randee Kaiser; Karen Cornell,                *
                                             *
              Defendants,                     *
                                             *
Ralf Salke,                                  *
              Appellee,                      *
                                             *
Gerald Bommel; Steve Long; John              *
Sydow; Judy P. Draper; Dora Schriro,         *
                                             *
              Defendants,                     *
                                             *
William Wade, M.D.; Richard                  *
Washington,                                  *
                                             *
              Appellees,                     *
                                             *

David Dormire; Michael Groose;          *
ARA Services, doing business as         *
Correctional Medical Systems,           *
                                        *
          Defendants.                   *

_____

Submitted:   July 10, 2003

Filed:   July 28, 2003

_____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Edward Moore successfully sued ARA Services, dba Correctional Medical Services (CMS), in a 42 U.S.C. § 1983 action alleging deliberate indifference to Moore's serious dental need, and a jury awarded him $9,800 in compensatory damages. In August 2001, we affirmed the jury verdict for Moore against CMS. See Moore v. Ernest-Jackson, 16 Fed. Appx. 517 (8th Cir. 2001) (unpublished per curiam), cert. denied, 535 U.S. 1023 (2002). CMS then deposited monies with the district court to satisfy the judgment.

In November 2001 Moore moved to enforce the judgment. Moore stated that in October 2001 the State of Missouri filed an action in state court seeking reimbursement of the costs of Moore's incarceration under the Missouri Incarceration Reimbursement Act (MIRA). MIRA authorizes use, for reimbursement, of 90% of prisoner "assets," including a money judgment from the State as a result of a civil action against "the state, an agency thereof or any state employee or independent contractor . . . arising from the conduct of official duties on behalf of the state." See Mo. Rev. Stat. §§ 217.827(1)(b) and 217.833 (2000). Moore asked the district court

-2-

to enjoin the State from attaching the money CMS had deposited with the court, arguing that the State was prohibited from doing so under our decision in <u>Hankins v. Finnel</u>, 964 F.2d 853 (8th Cir.), <u>cert. denied</u>, 506 U.S. 1013 (1992).

Without explanation, the district court denied Moore's motion to enforce. On appeal, Moore adds that the state court has attached his judgment against CMS pursuant to MIRA.

In <u>Hankins</u>, the Missouri inmate plaintiff obtained a damage award in his section 1983 action against a state prison employee. The State assumed obligation for paying the judgment against the employee, but initiated state court proceedings to collect, under MIRA, 90% of the amount it was to pay Hankins as a result of the judgment. Hankins then returned to district court to proceed in aid of execution on the judgment. The district court determined that it had authority under Federal Rule of Civil Procedure 69 to enforce its judgment and conduct proceedings in aid of execution and could retain ancillary jurisdiction over the State's reimbursement claim because it was adequately related to Hankins's original action. The court concluded that, as applied in Hankins's case, MIRA was invalid under the Supremacy Clause because the statute thwarted the objective of section 1983. The district court thus enjoined the State from attaching funds the State had paid Hankins. <u>See Hankins</u>, 964 F.2d at 854-55, 859. On appeal, we agreed that section 1983 preempted MIRA "[t]o the extent that [MIRA] permits the State to recoup the very monies it has paid to satisfy a section 1983 judgment against one of its employees." We reasoned, "To allow the State to largely recoup this award would be inimical to the goals of the federal statute. As the district court observed, 'neither the State nor its employees would have the incentive to comply with federal and constitutional rights of prisoners.'" <u>See</u> <u>id.</u> at 861.

The district court's summary denial of Moore's motion to enforce gives us no guidance as to whether the court considered our decision in <u>Hankins</u> to be controlling.

-3-

Accordingly, we remand to the district court to consider whether the reasoning of Hankins extends to a case such as this, where CMS, a state contractor performing the State's duty of providing medical services to state prisoners, pays a section 1983 judgment to a prisoner, and the State then seeks to collect from the judgment under MIRA. Upon completing its review, the district court shall enter a judgment consistent with its determination regarding the applicability of the holding in Hankins to the circumstances of Moore's case. We deny Moore's pending motions on appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.