Gary L. TURNER, Plaintiff/Appellant,

v.

HEALTHCARE SERVICES GROUP, INC., and Tim Hubka, Defendants/Respondents.

No. ED 85263.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 8, 2005.

---

Veronica Johnson, St. Louis, MO, for Appellant.

Rodney A. Harrison, St. Louis, MO, for Respondent.

GEORGE W. DRAPER III, Chief Judge.

Gary Turner (Appellant) appeals from the trial court's judgment dismissing one of his claims against Healthcare Services Group, Inc. (HSG) and both of his claims against Tim Hubka (Hubka). The appeal is dismissed.

Appellant brought suit against HSG and Hubka. Counts I and II alleged race discrimination and retaliatory discharge un-

der the Missouri Human Rights Act (MHRA) against HSG. Counts III and IV alleged race discrimination and retaliatory discharge against Hubka, Appellant's former supervisor. On September 8, 2004, the trial court entered a judgment dismissing Counts II and IV for retaliatory discharge because Appellant failed to exhaust his administrative remedies. The court also dismissed Counts III and IV against Hubka, finding there was no individual liability under the MHRA.

The next day, September 9, 2004, HSG filed a notice of removal to the United States District Court, Eastern District of Missouri, with a certificate of service to Appellant's counsel. HSG also filed notice of this removal with the trial court on the same date. On October 7, 2004, Appellant filed his notice of appeal with the trial court from the 9/8/04 judgment.

HSG has filed a motion to dismiss Appellant's appeal. HSG argues that this Court does not have jurisdiction over the appeal for two reasons. First, the case has been removed to federal court, which resulted in an immediate termination of state court jurisdiction. Second, HSG argues that the 9/8/04 judgment did not dispose of all claims, and thus, is not a final, appealable judgment. Appellant has filed suggestions in opposition to the motion to dismiss, in which he argues that removal was improper and thus, state court jurisdiction continues. In addition, Appellant argues that the dismissal of Counts II, III, and IV, coupled with the removal of Count I to the federal court, results in a final, appealable judgment. HSG has filed a reply to Appellant's suggestions in opposition.

■ We agree with HSG's motion to dismiss. The law is clear that once removal to the federal court has been effected, the state court "shall proceed no further unless and until the case is remanded." 28 U.S.C. section 1446(d) (2004); *State ex rel.*

*Nixon v. Moore*, 108 S.W.3d 813, 816 (Mo. App. W.D.2003). Removal is effected by three procedural steps: (1) the filing of the notice of removal in the federal court; (2) providing written notice to all adverse parties; and (3) the filing of a copy of the notice of removal with the clerk of the state court. 28 U.S.C. sec. 1446(d); 14C Wright, Miller & Cooper, Federal Practice and Procedure section 3737, at 381 (3d ed.1998). After removal, the state court loses jurisdiction until the federal court restores it. *Ward v. Resolution Trust Corp.*, 972 F.2d 196 (8th Cir.1992). State court jurisdiction is only restored once a remand order is certified and mailed to the state court. *Nixon*, 108 S.W.3d at 819–20. HSG completed the three procedural steps on September 9, 2004, and state court jurisdiction was terminated at that time. Therefore, this court does not have jurisdiction to consider Appellant's appeal.

■ Appellant's various arguments concerning the propriety of the removal do not affect our conclusion. Even if the basis of removal is improper, the state court loses jurisdiction while the federal court determines the propriety of removal and until the federal court remands the case. *Nixon*, 108 S.W.3d at 817; *See, e.g., Eastern v. Canty*, 75 Ill.2d 566, 27 Ill.Dec. 752, 389 N.E.2d 1160, 1162 (1979). Therefore, our only course of action is to dismiss Appellant's appeal.

■ Even if we agreed with Appellant's argument that removal was improper and that somehow this Court still had jurisdiction under federal law, the 9/8/04 judgment did not dispose of all claims. An appellate court only has jurisdiction over final judgments that dispose of all parties and claims in the case and leave nothing for future determination. *American Family Mut. Ins. Co. v. Lindley*, 112 S.W.3d 449, 451 (Mo.App. E.D.2003). Any adjudication of fewer than all claims or all parties does not terminate the action, which

makes it subject to revision by the trial court at any time until final judgment. Rule 74.01(b); *Goodson v. National Sports and Recreation, Inc.,* 136 S.W.3d 98, 99 (Mo.App. E.D.2004). The trial court may certify for appeal a judgment as to fewer than all claims by expressly designating that "there is no just reason for delay." *Id.*

Here, Count I of Appellant's petition is still pending, albeit in federal court. The trial court only ruled upon Counts II, III, and IV. In addition, the trial court did not expressly designate in its judgment that "there is no just reason for delay." Therefore, the court's order is still subject to revision and is not a final, appealable judgment. Accordingly, the appeal must be dismissed for lack of a final judgment. *Id.*

We are not persuaded by Appellant's argument that the removal of this case to federal court resulted in disposal of all of his claims. As HSG's counsel has aptly noted, removal resulted in the entire cause of action being removed to the federal court, not simply one claim. *See,* 14C Wright, Miller & Cooper, Federal Practice and Procedure section 3738, at 390–91; *Moore v. Interstate Fire Ins. Co.,* 717 F.Supp. 1193, 1195 (S.D.Miss.1989). If the federal court determines removal was proper, the entire case, including any appeal, will proceed in federal court. If removal was improper, then the entire case will be returned to the state court. In either event, Appellant's claim against HSG is still pending.

HSG's motion to dismiss is granted. The appeal is dismissed without prejudice for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., Concur.