**STATE of Missouri, ex rel., Jeremiah W. NIXON, Attorney General, State of Missouri, Respondent,**

v.

**Edward Allen MOORE, Appellant Pro Se.**

**No. WD 63651.**

Missouri Court of Appeals, Western District.

March 15, 2005.

Edward A. Moore, Licking, pro se.

Paul Harper, Jefferson City, MO, for respondent.

Before HARDWICK, P.J., ULRICH and NEWTON, JJ.

LISA WHITE HARDWICK, Judge.

The State of Missouri obtained summary judgment on a claim against Edward Allen Moore under the Missouri Incarceration Reimbursement Act (MIRA). Moore appeals, contending the case had been removed to federal court and, thus, the circuit court had no jurisdiction to grant summary judgment. We reverse the judgment because the removal case has not been remanded from the federal court.

FACTUAL AND PROCEDURAL HISTORY

Moore was convicted of first-degree assault and sentenced as a Class X offender to thirty years imprisonment in the custody of the Missouri Department of Corrections.[1] While incarcerated, Moore filed a civil lawsuit against Correctional Medical Services (CMS) and obtained a judgment for $9,800 in damages.

Two months after the civil judgment was affirmed on appeal, the State of Missouri filed suit against Moore, in the Circuit Court of Cole County, seeking reimbursement for the costs of his incarceration under MIRA, § 217.825 et seq.[2] Moore promptly removed the case to federal court in October 2001. Despite the removal, the circuit court proceeded with the case and granted the State's summary judgment against Moore on March 27, 2002. It was not until after summary judgment was entered that the circuit court received an order from the federal court, on April 19, 2002, remanding the removed case.

On the date the case was remanded, Moore filed a motion for new trial, arguing the summary judgment was a nullity because the circuit court did not have jurisdiction to proceed prior to the remand. Three days later, on April 22, 2002, Moore filed a second notice to remove the case to federal court. The circuit court again proceeded to handle the case as if no removal had occurred. Pursuant to the previous entry of summary judgment on the MIRA claim, the circuit court ordered that all funds held by Moore be deposited into the court registry. On May 30, 2002, the court disbursed $6,266.16 of the deposited funds to the State as reimbursement for Moore's

---

**1.** See State v. Moore, 882 S.W.2d 253 (Mo. App.1994).

**2.** All statutory references are to Revised Statutes of Missouri (2000) unless otherwise noted.

incarceration costs. The court also denied Moore's motion for new trial.

In July 2002, Moore appealed the summary judgment. We issued a decision in July 2003, reversing and remanding the case. *State ex rel. Nixon v. Moore*, 108 S.W.3d 813 (Mo.App.2003) ("*Moore I* "). We held that the circuit court lacked jurisdiction to grant summary judgment prior to the time it received the federal court's order remanding the removed case. *Id.* at 820–21.

Upon our remand from *Moore I*, the State filed a second motion for summary judgment in the circuit court. Moore did not respond to the motion because no remand order had been received from the federal court on his second removal petition and, thus, he believed the circuit court had no jurisdiction to rule on summary judgment. On December 12, 2003, the circuit court granted the State's second summary judgment motion. Moore appeals.

## JURISDICTION

 Although Moore brings six points on appeal, we need only address his first point challenging the circuit court's jurisdiction, because it requires reversal. Jurisdictional issues present questions of law, which we review *de novo* and without deference to the circuit court's determination. *Hiler v. Dir. of Revenue*, 48 S.W.3d 683, 685 (Mo.App.2001).

As in his prior appeal, Moore contends the circuit court lacked jurisdiction to grant summary judgment because no remand order has been entered by the federal court regarding the second removal. Pursuant to 28 U.S.C. §§ 1446(d) and 1447(c),[3] the second removal was effected by the filing of Moore's notice on April 22, 2002, and no further action could be taken by the state court until a certified copy of a remand order was mailed from the federal court. *Moore I*, 108 S.W.3d at 819.

The State contends there is an exception to the general rule that all proceedings are void after notice of removal in cases where an identical second removal notice has been filed. Relying on two North Dakota cases, the State argues the circuit court never lost jurisdiction because Moore's second removal notice, which raised the same legal arguments as his first removal notice, was procedurally ineffective. *Farm Credit Bank of St. Paul v. Ziebarth*, 485 N.W.2d 788 (N.D.1992); *Farm Credit Bank of St. Paul v. Rub*, 481 N.W.2d 451 (N.D.1992). We note, however, that in both cases the second removal was determined procedurally ineffective only after the federal court had ordered the cases remanded. Similarly, in other cases cited by the State where removal was deemed improper and the state court retained jurisdiction, a remand order had been entered as required by 28 U.S.C. Section 1447(c). *Bell v. Burlington N. R.R. Co.*, 738 P.2d 949 (Okla.App.1986); *Wilson v. Sandstrom*, 317 So.2d 732 (Fla.1975).

 Here, any determination that Moore's second removal was ineffective

---

**3.** Section 1446(d) provides:

Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

Section 1447(c) provides in relevant part:

... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.... A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

would be premature because the federal court has taken no steps to remand the case. Nor does the record provide any indication that the State has requested a remand order. Although the State argues the federal court has in effect dismissed the removal case by declaring in two orders (entered on July 11, 2002 and October 30, 2003) that it lacked federal subject matter jurisdiction over the removed claims, these orders did not remand Moore's case to state court. As we explained in *Moore I*, the mailing of a remand order is the "operative jurisdictional event" that assures the state court of the finality of the federal court proceeding.

> Requiring the state to wait to proceed with the case until after a certified remand order has been sent ensures that the federal court has indeed ceased to exercise jurisdiction over the merits of the case. Under the case law of most circuits, federal courts have the power to review, alter, or reverse an erroneous order of remand during the short period between the signing of a remand order and the certification and mailing to the state court.... Because remands are not appealable, 28 U.S.C. § 1447(d), it makes sense to allow the federal district court an opportunity to correct any error or misunderstanding before the remand order is final.

108 S.W.3d at 818. (citations omitted) A certified copy of the remand order mailed from the federal court is the only "reliable notice of remand" that re-confers jurisdiction on the state court. *Id.*

Moore effected his second removal on April 22, 2002. The removal deprived the circuit court of jurisdiction to proceed on his claims "unless and until the case is remanded." 28 U.S.C. § 1446(d). The State does not dispute that no remand order has been entered or mailed by the federal court on the second removal. Accordingly, the circuit court did not have jurisdiction to enter summary judgment against Moore on December 12, 2003. The judgment is reversed, and the cause is remanded with no further proceedings to occur until the circuit court receives a certified copy of a remand order mailed from the federal court.

All concur.